[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (No. 108 MOTION TO STRIKE)
Defendants move to strike the First and Second Counts of the Complaint, contending the counts are barred by C.G.S. 20-311.
The complaint and contract attached thereto set forth the following facts. The plaintiff, Michael Belfonti, sued the defendants, Connecticut-Memphis Ltd. Partnership [CMLP] and Marvin Lender, in a two-count complaint for breach of contract and quantum meruit. In count one, the plaintiff alleges that the defendants agreed to pay the plaintiff $305,787.47 if the defendants acquired a certain parcel of real property in Tennessee. The plaintiff alleges that the defendants acquired the Tennessee property and despite repeated demands, have failed to pay him. In count two, the plaintiff alleges that he assisted the defendants in buying the Tennessee property by providing them with various services, including advising them of the property's availability, providing them with appraisals and reports, and helping with negotiations. The plaintiff alleges that the defendants represented to him that he would be paid. The CT Page 5132 plaintiff alleges that the defendants have been unjustly enriched because he worked many hours and spent about $105,787.47 to help them acquire the property, which they did acquire, and that he has not been paid.
The contract additionally reveals that on February 17, 1989, the plaintiff and Deerfield Apartments, Ltd. [the owner], entered into a purchase and sale agreement for the Tennessee property and that the plaintiff deposited $85,000. toward the price. On October 4, 1989, the plaintiff and the defendants entered into the contract at issue. On October 24, 1989, as a result of the efforts expended by the plaintiff, the defendants contracted with the owner to buy the Tennessee property.
The contract recites that the plaintiff is the sole owner of the interest in the purchase and sale agreement entered into between him and the owner of the property. It further states that upon the plaintiff's receipt of the money, his purchase and sale agreement will expire. The contract recites that the plaintiff shall receive a fee of $200,000 in consideration of the plaintiff's efforts and reimbursement of $105,787.47, which includes the plaintiff's deposit and expenses paid for various surveys and inspections.
The defendants move to strike the complaint for failure to state a cause of action because the plaintiff has not alleged that he is a licensed broker and therefore cannot sue to recover a commission or fee in connection with the sale of real property under Conn. Gen. Stat. 20-325a(a). In an opposing memorandum, the plaintiff argues that his activities do not come within the statute because he has merely contracted to assign his right to purchase the Tennessee property.
Section 20-325a(a) of the Connecticut General Statutes provides:
 No person who is not licensed under the provisions of this chapter, and who was not so licensed at the time he performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state . . . to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter.
Section 20-325 prohibits unlicensed persons from engaging in the CT Page 5133 "business of real estate broker" or "real estate salesman." "Engaging in the real estate business" is defined as "acting for another and for a fee, commission or other valuable consideration in the listing for sale, selling, exchanging, buying or renting, or offering or attempting to negotiate a sale, exchange, purchase or rental of, an estate or interest in real estate." Conn. Gen. Stat. 20-311 (3).
In the contract attached to the plaintiff's complaint, the services rendered by the plaintiff are described as:
 (i) bringing the Property (and its availability for purchase) to the attention of [defendant] Lender and through Lender to CMLP, (ii) making available to CMLP the [surveys, inspections, etc.], (iii) assisting in negotiations between CMLP and the [owner] under the Agreement (including negotiation of a credit equal to the Belfonti Deposit against the purchase price under the CMLP Agreement in the event that the sale contemplated by the CMLP Agreement is in fact consummated.
The plaintiff argues that he was acting for himself when he assisted the defendants in that he owned the interest in the executory purchase and sale agreement between him and the property owner. Therefore, he argues that the statutory exception to being a licensed broker applies to him as the "owner" of an interest in the property. Section 20-329 provides:
 The provisions of this chapter concerning the licensure of real estate brokers and real estate salesmen shall not apply to any person who as owner or lessor performs any of the acts enumerated in section 20-311 with reference to property owned, leased or sought to be acquired or leased by him.
Plaintiff has not alleged he holds title to the property and an executory purchase and sale agreement does not give him any ownership rights to the property. Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 129, 137 (1984). Plaintiff is not an owner within the meaning of -the statutory exception.
Further, the plaintiff has not alleged in this complaint nor is it stated in the appended contract that he is a licensed real estate broker or salesman. Plaintiff's breach of contract action falls within the scope of the above statutes because the plaintiff is suing on a contract to collect a "fee or other valuable consideration" in connection with "attempting to negotiate a sale CT Page 5134 . . . of real estate." Only licensed brokers may sue to recover for such services. Conn. Gen. Stat. 20-325.
The second count seeks recovery under quantum meruit:
 Quantum meruit [is a] doctrine allowing recovery on the theory of restitution, that is, the restoration to a party of something of which he was deprived because of the unjust enrichment of another at his expense. . . . Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties and that, therefore, the plaintiff is entitled to the reasonable value of services rendered.
Burns v. Koellmer, 11 Conn. App. 375, 383 (1987).
Section 20-325a(a) prohibits unlicensed persons from bringing any action to recover for services falling within the statutory scheme. The plaintiff alleges in count two that he should be compensated for assisting the defendants in:
 (a) bringing said property, and its availability for purchase, to the attention of the defendants; (b) making available to the defendants certain materials, including inspections, reports, surveys, appraisals and other documents paid for by the plaintiff; and (c) assisting in negotiations between the defendants and the seller, Deerfield Apartments, Ltd., including negotiating a credit equal to the plaintiff's deposit against the purchase price.
These allegations fall within the services for which only licensed real estate brokers may bring suits for compensation. Conn. Gen. Stat. 20-311 (3), 20-325a(a). The plaintiff has not alleged that he is a licensed real estate broker or salesman.
Accordingly, the Motion to Strike is granted with respect to both counts of the Complaint.
Schimelman, J.